THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TD Bank, N.A.** | * |
| | * |
| | *   C.A. No. 1:12-cv-01315 CKK |
| **Plaintiff,** | * |
| | * |
| v. | * |
| | * |
| **Geryl Pearl** | * |
| | * |
| **Defendant.** | * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Plaintiff, TD Bank, N.A., moves pursuant to Fed. R. Civ P. 65 and D.C. Code § 28-3107(a)(3)(A) for the entry of a temporary restraining order, to be followed by a preliminary injunction, enjoining Defendant, Geryl Pearl, from selling, transferring or in any manner disposing of any assets or property held by her and formerly owned at any time by Frank H. Pearl, individually, or by her and Frank Pearl, as tenants by the entireties, prior to the death of Frank Pearl without a prior Court order approving the terms and conditions of the sale, transfer, or disposition of the assets or property and the disposition of the proceeds obtained by her from the sale, transfer, or disposition. The grounds for this motion, which are more fully set forth in the Complaint (as verified by the Affidavits of Brian Monday, Brian Haggerty and David Bronson) and the memorandum in support of this motion, are as follows:

1.  On September 30, 2010, TD Bank extended two-unsecured loans aggregating $17. 5 million dollars to Perseus LLC, a limited liability company directly or indirectly owned by Frank Pearl.  The loans were made on the basis of a guaranty by Frank Pearl and would not have been made without that guaranty.  To induce TD Bank to make the loans based on his

guaranty, Frank Pearl provided TD Bank with a false and fraudulent financial statement dated as of December 31, 2009, and represented and warranted to TD Bank that the financial statement was correct and complete and that he owned all of the assets scheduled on the financial statement when he did not. Frank Pearl, as required by the loan documents, submitted an additional financial statement dated as of December 31, 20120, that also was false and fraudulent for the same reason.

2.   In late November of 2011, Frank Pearl learned that he was afflicted by advanced-stage-lung cancer and would likely die unless an aggressive form of treatment were successful. With this knowledge, Frank Pearl created the Perseus Trust for the sole benefit of Geryl Pearl on December 27, 2011, and conveyed to it, contingent upon his death, assets reported on his financial statements as being worth in excess of $300 million dollars.

3.   Besides the assets transferred to the Perseus Trust, at some unknown date Frank Pearl transferred antiques and art reported on his financial statements as being worth $65 million to himself and Geryl Pearl as tenants by the entireties.  Frank Pearl also transferred miscellaneous personal property either to Geryl Pearl, or to himself and Geryl Pearl as tenants by the entireties.

4.   Frank Pearl received no consideration for the assets he transferred to the Perseus Trust for the benefit of Geryl Pearl, to Geryl Pearl, or to himself and Geryl Pearl, as tenants by the entireties.  Theses transfers rendered Frank Pearl insolvent and unable to pay his creditors, including TD Bank.

5.   With full knowledge of his probably-fatal-lung cancer and the transfer and disposition of his assets, Frank Pearl requested that TD Bank restructure its loans to Perseus LLC by making the loans to a newly-created-holding company of Perseus LLC known as Perseus

Holdco LLC, instead of Perseus LLC. Frank Pearl agreed to keep his guaranty of the loans in place. Although he told TD Bank that the purpose of the restructure was to avoid having to file his personal-financial statement with the Securities and Exchange Commission under the Dodd-Frank Act, Pearl's actual purpose in requesting the restructure was to move the TD Bank debt from Perseus LLC to Perseus Holdco LLC so that Perseus LLC's management activities on behalf of the Perseus Trust could proceed unhindered by any debt-collection efforts of TD Bank after his death.

6. Relying on Frank Pearl's financial statements and the representation and warranty he made in the Credit Agreement that the financial statements were correct and complete, TD Bank restructured its loans as two loans to Perseus Holdco LLC in the aggregate principal amount of $16,250,000. The restructure of the loans closed on March 13, 2012. Unknown to TD Bank, Pearl's financial statements were false and fraudulent. Pearl did not disclose to TD Bank his medical condition, the creation of the Perseus Trust, or the conveyances by him of his assets and property before the loans were closed.

7. Frank Pearl died of cancer on May 4, 2012, less than two months after the restructure of the TD Bank loans. His estate, which was opened as an abbreviated, unsupervised probate, is grossly insolvent because of the transfers Pearl made before his death without the receipt of any consideration or value.

8. In April, 2012, Frank and Geryl Pearl sold 8 Jane's Cove Road, Edgartown, Massachusetts, a property reported by Pearl on his financial statement to have been owned by him. Geryl Pearl is believed to have received the net proceeds of sale, (although it is not known how the net proceeds were disposed of).

9. Frank Pearl also reported owning 1954 N. Poes Road, Flint Hill, Virginia (Chancellor Rock Farm), a Virginia Farm actually owned by him and Geryl Pearl as tenants by the entireties. Geryl Pearl has placed this property with a real estate-broker and is attempting to sell it.

10. Included in the antiques and art collection (that Frank Pearl represented to TD Bank the he owned) are paintings by Fra Bartolommeo and by Van Dyke, with an estimated-combined-fair- market value of approximately $25 million dollars. Geryl Pearl is attempting to sell these paintings, which were recently being marketed in Europe.

11. Unless enjoined by this Court, Geryl Pearl can be expected to transfer real estate and antiques and art work and place the proceeds beyond the reach of TD Bank and any monetary judgment it may recover against her in this case.

12. A temporary restraining order followed by a preliminary injunction will preserve the status quo until a trial on the merits.

13. TD Bank does not object to Geryl Pearl selling assets subject to the control and direction of this Court as to the sale and the disposition of the proceeds of the sale. TD Bank objects only to Geryl Pearl being unfettered in the sale of assets and disposition of sale proceeds.

14. TD Bank will suffer immediate, substantial, and irreparable harm if a temporary restraining order, followed by a preliminary injunction, is not issued. Unless enjoined, Geryl Pearl is likely to transfer the proceeds of the sale of assets to place the proceeds beyond the reach of TD Bank. If she is successful, TD Bank will be deprived of valuable assets whose disposition proceeds could be applied to the satisfaction of a judgment against Geryl Pearl.

15. Given the amount owed to TD Bank, the lack of prejudice or harm to Geryl Pearl by being prohibited from selling, transferring, or conveying assets and property without Court

approval until this Court has decided the merits of the case, and to TD Bank's ability to respond to any claim should the injunction have been improvidently granted, this Court should waive any requirement for the posting of a bond by TD Bank.

In support of this motion, TD Bank submits the Affidavits of Brian Monday, Brian, Haggerty, and David Bronson (all verifying the allegations in the Complaint and authenticating exhibits) and the following exhibits:

| | | | |
|---|---|---|---|
| a. | Exhibit 1 (attached to Complaint) | - | September 30, 2010 Credit Agreement. |
| b. | Exhibit 2 (attached to Complaint) | - | September 30, 2010 Reducing Line Note. |
| c. | Exhibit 3 (attached to Complaint) | - | September 30, 2010 Working Capital Line Note. |
| d. | Exhibit 4 (attached to Complaint) | - | September 30, 2010 Guaranty Agreement. |
| e. | Exhibit 5 (attached to Complaint) | - | March 13, 2012 Credit Agreement. |
| f. | Exhibit 6 (attached to Complaint) | - | March 13, 2012 Reducing Line Note. |
| g. | Exhibit 7 (attached to Complaint) | - | March 13, 2012 Working Capital Line Note. |
| h. | Exhibit 8 (attached to Complaint) | - | March 13, 2012 Termination Agreement. |
| i. | Exhibit 9 (attached to Complaint) | - | March 13, 2012 Guaranty Agreement. |
| j. | Exhibit 10 | - | December 30, 2009 financial statement of Frank Pearl (filed separately under seal). |
| k. | Exhibit 11 | - | December 30, 2010 financial statement of Frank Pearl (filed separately under seal). |
| l. | Exhibit 12 | - | Appraisal of property of Frank Pearl |

|   |   |   |   |
|---|---|---|---|
|   |   |   | (art and antiques). |
| m. | Exhibit 13 | - | Appraisal of property of Frank Pearl (art and antiques). |
| n. | Exhibit 14 | - | Appraisal of property of Frank Pearl (art and antiques). |
| o. | Exhibit 15 | - | Email from Pearl dated December 21, 2011 requesting restructure. |
| p. | Exhibit 16 | - | Petition for Probate |
| q. | Exhibit 17 | - | Docket entries for probate proceeding (as of August 20, 2012). |
| r. | Exhibit 18 | - | Trustee's Certificate, Deed, Power of Attorney and Declaration of Trust relating to 8 Jane's Cove Road, Edgartown, Massachusetts. |
| s. | Exhibit 19 | - | Deed for Chancellor Rock Farm dated January 18, 1990 to Frank and Geryl Pearl, as tenants by the entireties |
| t. | Exhibit 20 | - | Broker's Listing description for Chancellor Rock Farm. |
| u. | Exhibit 21 | - | Perseus Trust Agreement (filed separately under seal). |

/s/ Lawrence J. Gebhardt
Lawrence J. Gebhardt Bar # 418749
Lisa B. Tancredi Bar #449162
Patrick J. Madigan Bar # 497156
GEBHARDT & SMITH LLP
One South Street, Suite 2200
Baltimore, Maryland 21202
(410) 752-5830 – phone
(443) 957-1916 - fax
lgebh@gebsmith.com
ltancredi@gebsmith.com
pmadi@gebsmith.com
*Attorneys for TD Bank, N.A.*

6